NOT DESIGNATED FOR PUBLICATION

No. 126,997

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TEJOYA M. ELMORE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE BROWN, judge. Opinion filed November 22, 2024. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before SCHROEDER, P.J., MALONE and BRUNS, JJ.

PER CURIAM: Tejoya M. Elmore appeals the district court's decision to revoke her probation following her admission to several probation violations, including committing a new crime. We granted Elmore's motion for summary disposition under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48) in lieu of briefs. After careful review of the record, we find no abuse of discretion and affirm the district court's judgment.

Elmore pleaded guilty to one count of abuse of a child for acts committed in 2021. The district court sentenced her to 45 months' imprisonment but granted her motion for dispositional departure and placed her on probation for 36 months.

1

In July 2023, Elmore stipulated to several probation violations including committing a new crime. The district court revoked Elmore's probation and ordered her to serve a modified sentence of 42 months' imprisonment.

Elmore claims the district court "erred in revoking her probation and in imposing the underlying prison sentence." The State responds that Elmore "has failed to present any compelling facts to support a finding that the district court abused its discretion."

The procedure for revoking a defendant's probation is governed by K.S.A. 22-3716. Generally, once the State has presented evidence of a violation of the conditions of probation, the decision to revoke probation rests within the district court's sound discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A judicial action constitutes an abuse of discretion if it is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ingram*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). The party asserting the district court abused its discretion bears the burden of showing it. *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

Here, the district court had discretion to revoke Elmore's probation without imposing any intermediate sanctions because Elmore committed the offense after July 1, 2017, and her probation was granted because of a dispositional departure. See K.S.A. 22-3716(c)(7)(B) (district court may revoke probation without imposing intermediate sanctions if probation granted as a result of dispositional departure); *Coleman*, 311 Kan. at 337. The district court also had authority to revoke Elmore's probation without imposing intermediate sanctions based on her commission of a new crime while on probation. See K.S.A. 22-3716(c)(7)(C).

Elmore identifies no error of fact or law underlying the district court's decision. It is undisputed she violated her probation by committing a new crime. The district court

2

showed leniency by slightly reducing Elmore's prison sentence. While reasonable persons could come to different conclusions whether a lesser sanction would have been appropriate, the district court's decision was not such that no reasonable person would agree with it. Thus, Elmore has not met her burden to show the district court abused its discretion by revoking her probation and imposing a modified prison sentence.

Affirmed.